# 16-CV-61353 MARRA/WHITE

CORRECTED (current form)

AO 243 (Rev. 01/15)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

FILED BY _____ D.C.
JUN 22 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| United States District Court | District South Florida | |
|---|---|---|
| Name (under which you were convicted): ANTHONY BUTLER | | Docket or Case No.: 00-cr-60290-KAM-1 |
| Place of Confinement: FCI Bennetsville | | Prisoner No.: 77516-004 |
| UNITED STATES OF AMERICA  V. | | Movant (include name under which convicted) ANTHONY BUTLER |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

   (b) Criminal docket or case number (if you know): 0:07-cr-60290-KAM-2

2. (a) Date of the judgment of conviction (if you know): June 13, 2016
   (b) Date of sentencing: unknow

3. Length of sentence: 192 months

4. Nature of crime (all counts): Conspiracy to robbery a fake stash house to possess with intent to distribute 5 kilograms or more of cocaine and using, carrying and possession a firearms during a drug trafficking violent crime.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐  (2) Guilty ☒  (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?
   NONE

6. If you went to trial, what kind of trial did you have? (Check one)  Jury ☐  Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?  Yes ☐  No ☐

9. If you did appeal, answer the following:
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:




   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
      If "Yes," answer the following:
      (1) Docket or case number (if you know): _____
      (2) Result: _____

      (3) Date of result (if you know): _____
      (4) Citation to the case (if you know): _____
      (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☒   No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:   Southern District of Florida
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

        (4) Nature of the proceeding: _____
        (5) Grounds raised:   none

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐  No ☐
 (7) Result: _____
 (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:
 (1) Name of court: _____
 (2) Docket of case number (if you know): _____
 (3) Date of filing (if you know): _____
 (4) Nature of the proceeding: _____
 (5) Grounds raised:




 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
   Yes ☐  No ☐
 (7) Result: _____
 (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
 (1) First petition:  Yes ☐  No ☐
 (2) Second petition: Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:


12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** <u>WHETHER THE UNCONSTITUTIONAL RESIDUAL CLAUSE FOUND IN ACCA ITS IDENTICAL TO 924(c) RESIDUAL CLAUSE.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

WHETHER PETITIONER"S CONVICTION FOR CONSPIRACY TO ROBBERY A FICTICIOUS FAKE STASH HOUSE TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE IS NOT A VIOLENT CRIME UNDER THE RESIDUAL CLAUSE FOUND IN 924(c) FORCE CLAUSE, AND ALSO IS NOT A TRAFFICKING CRIME BECAUSE ITS IMPOSSIBLE TO SEPARATE THE 924(c) TO THE CONSPIRACY TO A ROBBERY A FAKE STASH HOUSE TO POSSESSWITH INTENT TO DISTRIBUTE COCAINE.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☐
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

(b) **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    _____

    (b) At the arraignment and plea:
    _____

    (c) At the trial:
    _____

    (d) At sentencing:
    _____

    (e) On appeal:
    _____

    (f) In any post-conviction proceeding:
    _____

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    _____

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☐

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed: _____
    (c) Give the length of the other sentence: _____
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Case 0:16-cv-61353-KAM   Document 1   Entered on FLSD Docket 06/22/2016   Page 11 of 17

AO 243 (Rev. 01/15)                                                                                                                    Page 12

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ANTHONY BUTLER, | ) |
| | ) Criminal Case No. 0:07-cr-60290-KAM-2 |
| Petitioner, | ) Civil No._____ |
| | ) |
| vs. | ) MEMORANDUM IN SUPPORT PETITIONER'S MOTION § |
| | ) 2255 WITH APPLICLABLE LAW . |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | / |

## INTRODUCTION

Comes now inmate Anthony Butler (hereinafter petitioner) incarcerated in F.C.I. Bennettsville, South Carolina ask respectfully to this Honorable Judge to grant petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. Section 2255 in light of United States v. Johnson, No. 15-6418, 84 U.S.W. 3382 (2015).

## ARGUMENT OF LAW

Peitiner Anthony Butler bring to this court the question "whether the residual clause found in ACCA it identical to the violent crime". The Southern District Division, United States District of Maryland Honorable Judge Paul W. Grimm decided in United States v. Edmunson, 2015 U.S. District Court Lexis 171007, that recent decision in Johnson v. United States, __ US__, 135 S. Ct. 2551 L. Ed. 2d 569 (2015) required the Honorable Judge Paul W. Grimm to apply Johnson to the residual clause found in section 924(c) under the 18 U.S.C. Section Hobbs Act Conspiracry. See also

1.

United States v. Lattanaphom, 2016 U.S. District. LEXIS 12368.(same). In <u>Gregorio Gonzalez Longoria v. United States</u>, 813 F.3d 225 (5th Cir. 2016), the Fixth Circuit Court of Appeal vacated and remanded Gregorio Gonzalez Longoria's sentence under <u>Johnson</u> becuase the Court decided the defendant could challenge the constitutionality of the definition of "crime of violence" under 18 U.S.C. § 16 because he was sentenced under US Sentencing Guideline Manual § 2L1.2(b)(1)(A), which incorporated § 16 by reference. Section 16(b) was unconstitutionally vague because it required an analysis of an archetypical case and include an imprecise standard by which the archetypical case had to be judged. See also <u>United States v. Naughton</u>, 621 Fed. Appx. 170; 2015 U.S. App. LEXIS 15592 (4th Cir. 2015)(Conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c) was not a crime of violence and thus did not support a conviction for brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c); it was plain error to find otherwise), also see <u>United States v. Raul Vivas Cejas</u>, 808 F.3d 719 (7th Cir. 2015)(Section 16(b) was unconstitutionally vague under the reasoning of the Johnson decision).

So since petitioner in this case was sentenced under the residual clause found in § 924(c) for using, carrying and possession of a firearm in relationship to a Conspiracy to robberry a fake stash house to possess with intent to distribute cocaine in furtherance to a "VIOLENT TRAFFICKING DRUG CRIME", therefore petitioner's conviction and sentence under the § 924(c) residual clause its unconstitutionally vague under the <u>Jonhson</u> decision because petitioner's conviction and sentence for conspiracy to a robbery fake stash house to possess with intent to distribute cocaine its NOT a violent trafficking drug crime under the residual clause found in 924(c) because petitioner did not use a physical injure to another person, or he did not attempted, used the physical force analysis under the <u>Johnson</u> decision.

## CONCLUSION

Petitioner ask respectfully to this Honorable Court of Appeals for the Eleventh Circuit to grant petitioner's motion, or grant a brief with the applicable law

2.

AO 243 (Rev. 01/15)                                                                                                          Page 13

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _June 16, 2016_____.
(month, date, year)

Executed (signed) on *Amlbrty Butley*, June 16, 2016.

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

so petitioner can argue Johnson claim with a more definition under the law. Petitioner is a prose litigant, this court should be take this memorandum of law and construe more liberally. See <u>Haines v. Kerner,</u> 404 U.S. 510 (1972).

date: June 16 2016                Respectfully submitted: *Anthony Butler*
Anthony Butler
Reg. 77516-004
F.C.I. Bennettsville
P.O. BOX 52020
Bennettsville, SC. 29512

3.

## CERTIFICATE OF SERVICE

I Anthony Butler CERTIFY UNDER THE PENALTY OF PERJURY that the foregoing is true and correct copy of the petitioner's application for second or successive motion § 2255 with memorandum of law has sent to USA Attorney office Mr. Scott Behnke , Assistant United States Attorney 500 E. Broward Boulevard 7th Floor, Fort Lauderdale, FL. 33301-3002. Petitioner compliance is according to 28 U.S.C. § 1746. This document had been deposit with first-class postage which us deemed timely delivered to prison official legal mail box. See Houston v. Lack, 101 L. Ed. 245 (1988).

date: June 16, 2016.

Respectfully submitted: /s/ Anthony Butler
Anthony Butler
Reg. 77516-004
F.C.I. Bennettsville
P.O. BOX 52020
Bennettsville, SC. 29512

4.



Butler 77516-004
Rectional Institution Bennettsville
520 20
ville SC, 29512

FEDERAL CORRECTIONAL INST.
696 MUCKERMAN RD. BENNETTSVILLE, S.C. 29512
DATE
THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSED CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

✧77516-004✧
Clerks Of Court
701 Clematis ST
ROOM 402
WEST PALM BCH, FL 33401
United States